IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 13-cv-00195-WYD-CBS

EXCEL ROOFING, INC., a Colorado Corporation,

    Plaintiff,

v.

EXCEL ROOFING AND CONSTRUCTION, INC., a Colorado corporation,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Excel Roofing, Inc.'s Motion For Default Judgment And Permanent Injunction [ECF No. 18] and Motion For Ruling On Plaintiff's Motion For Default Judgment And Permanent Injunction [ECF No. 19]. For the reasons stated below, the motions [ECF Nos. 18 & 19] are GRANTED.

## BACKGROUND

On January 25, 2013, plaintiff, Excel Roofing, Inc. ("Excel Roofing"), filed this suit against defendant, Excel Roofing and Construction, Inc. ("Excel RC"), alleging the following claims arising from Excel RC's alleged unlawful use of Excel Roofing's registered trademark: (1) trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (2) false designation of origin, passing off and false advertising under the Lanham Act, 15 U.S.C. § 1125(a); (3) dilution of a famous mark under the Lanham Act, 15 U.S.C. § 1125(c); (4) unfair competition under Colorado state law; and, (5) deceptive trade practices under the Colorado Consumer Protection Act, COLORADO

REVISED STATUTES § 6-1-101, *et seq*. Excel Roofing also requests that I permanently enjoin Excel RC from any use of the "EXCEL ROOFING" registered trademark.

Excel Roofing is "engaged in the business of residential roof installation and repair along the Colorado and Wyoming market . . . " ECF No. 1, p. 2, ¶ 6. Excel Roofing uses the EXCEL ROOFING registered trademark to aggressively market its services to the Colorado and Wyoming market. Due to such marketing, Excel Roofing "has developed substantial goodwill" and consumers "associate the Trademark with a single source of high quality" roofing and repair. *Id*. at p. 3, ¶ 7.

Excel RC also performs roof installation and repair. Excel RC's customers inadvertently alerted Excel Roofing that Excel RC was and is using the EXCEL ROOFING trademark. Certain Excel RC customers called Excel Roofing with general questions about service and warranties. At some point during the conversations, it became clear that the callers actually purchased services from Excel RC, not Excel Roofing. Excel Roofing alleges that there were over 20 such phone call conversations. One caller informed Excel Roofing that she had in her hand a business card that bore the EXCEL ROOFING trademark. Another caller stated that he intended to contract with Excel Roofing rather than Excel RC for his roof work. Excel Roofing also alleges that Excel RC's website is "substantially similar in nature and appearance" to its own website. ECF No. 1, p. 4, ¶ 11.

Most notably, in July 2012, a vehicle bearing the EXCEL ROOFING trademark was involved in a hit and run accident. The victim reported the accident to "The Referral List," which is a consumer advocate program to which Excel Roofing has been a member for 15 years. Upon investigation, the vehicle bearing the EXCEL ROOFING

trademark was neither owned nor operated by Excel Roofing.  Excel Roofing states that this is a prime example of how Excel RC's illegal use of the EXCEL ROOFING trademark damages the reputation and goodwill associated with Excel Roofing.

In response to the above mentioned incidents, Excel Roofing filed this suit against Excel RC on January 25, 2013.  On April 29, 2013, the Clerk of Court entered an Entry Of Default [ECF No. 16] as to Excel RC because it had neither answered the Complaint [ECF No. 1] pursuant to the time limitations under the FEDERAL RULES of CIVIL PROCEDURE nor made an appearance in this action.  On June 13, 2013, Excel Roofing filed a Motion For Default Judgment And Permanent Injunction [ECF No. 18].  On December 6, 2013, Excel Roofing filed a Motion For Ruling On Plaintiff's Motion For Default Judgment And Permanent Injunction [ECF No. 19].  As of Friday, March 28, 2014, Excel RC has neither answered the Complaint [ECF No. 1] nor responded to any of Excel Roofing's motions [ECF Nos. 18 & 19].

## ANALYSIS

### A. Findings of Fact and Conclusions of Law

Upon review of the case file, I find that:

1. On March 20, 2013, Magistrate Judge Shaffer issued an Order [ECF No. 9] that allowed Excel RC to be served by substituted service via mail.  The Order [ECF No. 9] provides that service shall be deemed completed for all purposes on the date of delivery.

2. On March 30, 2013, delivery was completed and Excel RC was served with copies of the:  (1) Order [ECF No. 9] granting Excel Roofing's Motion for

Substitute Service [ECF No. 7]; (2) Summons; (3) Civil Cover Sheet; (4) Complaint [ECF No. 1] with exhibits; (5) Report on the Filing or Determination of an Action regarding a Patent or Trademark; (6) Instructions Regarding Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction Pursuant to 28 U.S.C. 636(c), FED. R. CIV. P. Rule 73, and D.C.COLO.LCivR 72.2; (7) Order of Reference to Magistrate Judge; (8) Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting; and, (9) Certificate of Interested Entities as reflected by the Summons [ECF No. 10] returned executed filed on April 2, 2013.

3.  Based on the foregoing, service has been perfected upon Excel RC.

4.  Excel RC's deadline for filing an answer or other responsive pleading pursuant to FED. R. CIV. P. 12(a)(1)(A)(i) has passed.

5.  As of Friday, March 28, 2014, Excel RC has failed to appear, plead, or otherwise defend this action as provided by the FEDERAL RULES of CIVIL PROCEDURE.

6.  Excel RC is neither a minor nor incompetent person and is not currently serving in military service.

7.  This Court has subject matter jurisdiction over Excel Roofing's federal claims pursuant to 28 U.S.C. § 1331 and supplemental subject matter jurisdiction over Excel Roofing's Colorado state law claims pursuant 18 U.S.C. § 1367(a).

8.  This Court has personal jurisdiction over Excel RC and venue in this action is

proper.

9. On April 29, 2013, the Clerk of Court entered Entry Of Default [ECF No. 16] as to Excel RC.

10. Excel Roofing is entitled to entry of judgment against Excel RC.

11. Excel Roofing owns the registered trademark EXCEL ROOFING in connection with roofing installation and repair services. *See* ECF No. 1-1.

12. Excel RC has willfully infringed upon Excel Roofing's federally registered trademark of EXCEL ROOFING without authorization, which amounts to: (1) federal trademark infringement; (2) federal unfair competition, false designation of origin, passing off and false advertising; (3) dilution of a famous mark; (4) common law trademark infringement (unfair competition); and, (5) unfair and deceptive trade practices under C.R.S. § 6-1-101, *et seq*. As a result of Excel RC's actions, Excel Roofing has been damaged.

13. Excel RC's deliberate and willful infringement is sufficient to meet the "exceptional case" requirement as that term is used in 15 U.S.C. § 1117(a). Excel Roofing is therefore entitled an award of attorney fees. *See VIP Foods, Inc. v. Vulcan Pet, Inc.*, 675 F.2d 1106, 1007 (10th Cir. 1982) (citations omitted) (stating that the Lanham Act's "legislative history suggests that an 'exceptional case' is one in which the trademark infringement can be characterized as 'malicious,' 'fraudulent,' or 'willful'").

14. Excel Roofing incurred $7,775.00 in attorney fees and $527.07 in costs.

These amounts are reasonable in light of the facts and circumstances of this action.

15. Excel Roofing suffered damages, including damage to its goodwill and reputation and degradation of the strength and value of the EXCEL ROOFING trademark.

16. The requirements for a permanent injunction are met. Excel Roofing is entitled to prevail on the merits of this action. Excel RC engaged in and is likely to engage in acts or practices that constitute: (1) federal trademark infringement; (2) federal unfair competition, false designation of origin, passing off and false advertising; (3) dilution of a famous mark; (4) common law trademark infringement (unfair competition); and, (5) unfair and deceptive trade practices under C.R.S. § 6-1-101, *et seq.* The evidence set forth in Excel Roofing's Complaint [ECF No. 1] demonstrates that Excel Roofing is entitled to prevail on its claim that Excel RC engaged in violations of the foregoing laws by: (1) intentionally publishing web pages and public advertising bearing the unauthorized use of the EXCEL ROOFING trademark; and, (2) operating its day-to-day business utilizing the EXCEL ROOFING trademark without authorization.

17. Unless permanently enjoined by this Court, irreparable harm will result from Excel RC's actions. If such conduct continues, irreparable harm will occur to Excel Roofing and the public, including potential consumers. There is good

cause to believe that Excel RC will continue to engage in such unlawful actions if not permanently enjoined from doing so by Order of this Court.

18.  The hardship to Excel Roofing and the public resulting if injunctive relief were not entered outweighs any burden to Excel RC from entry of a permanent injunction.  Excel RC has used the EXCEL ROOFING trademark without authorization in order to gain an unfair advantage in the marketplace.  Excel Roofing, its customers, and the public are harmed by this activity because consumers are misled into thinking they are contracting with Excel Roofing when in fact they are not.

19.  The permanent injunction will benefit the public.  Enjoining Excel RC from use of the EXCEL ROOFING trademark will sharply curtail its ability to pass itself off as Excel Roofing, confuse consumers into doing business with it rather than Excel Roofing, and divert business opportunities away from Excel Roofing. Therefore, a permanent injunction will have a favorable impact on the public interest.

20.  To keep Excel RC from resuming actions injurious to Excel Roofing and others, Excel RC must be enjoined from using the EXCEL ROOFING trademark in connection with its roofing installation and repair business.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Excel Roofing's Motion For Ruling On Plaintiff's Motion For Default Judgment And Permanent Injunction [ECF No. 19] is **GRANTED**.  It is

FURTHER ORDERED that Excel Roofing's Motion For Default Judgment And Permanent Injunction [ECF No. 18] is **GRANTED** and judgment is **ENTER IN FAVOR** of Excel Roofing on its claims against Excel RC.  As such, it is

FURTHER ORDERED that:

(1) Excel RC, its representatives and persons who are in active concert or participation with them are **PERMANENTLY ENJOINED** from using the EXCEL ROOFING trademark or any variation of the EXCEL ROOFING trademark in connection with the promotion, marketing, advertising, public relations, solicitation of customers and/or operation of Excel RC's business;

(2) Excel RC, its representatives and persons who are in active concert or participation with them are **PERMANENTLY ENJOINED** from using the EXCEL ROOFING Trademark in any marketing concept, including but not limited to Excel RC's website;

(3) Excel RC, its representatives and persons who are in active concert or participation with them are **PERMANENTLY ENJOINED** from diluting, blurring, passing off or falsely designating the origin of the EXCEL ROOFING trademark and from injuring Excel Roofing's goodwill, character, and reputation;

(4) Excel RC, its representatives and persons who are in active concert or participation with them are **PERMANENTLY ENJOINED** from doing any act which is likely to induce the belief that Excel RC, its products and/or services are endorsed, sponsored, licensed, affiliated or in any way connected with Excel Roofing and Excel Roofing's business; and,

(5) Excel RC, its representatives and persons who are in active concert or participation with them are **PERMANENTLY ENJOINED** from using the EXCEL ROOFING trademark in or on the internet in a manner which would cause confusion as to the source, sponsorship or affiliation of Excel RC with Excel Roofing. It is

FURTHER ORDERED that pursuant to 15 U.S.C. § 1117(a), this is an "exceptional case" such that an award of reasonable attorney fees to Excel Roofing is warranted. As such, **Excel RC SHALL PAY Excel Roofing $7,775.00 in attorney fees and $527.07 in costs, in full, by Tuesday, May 27, 2014.**

Dated: March 28, 2014.

                BY THE COURT:

                /s/ Wiley Y. Daniel
                Wiley Y. Daniel
                Senior U.S. District Judge