IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    13-cv-00195-WYD-CBS

EXCEL ROOFING, INC., a Colorado corporation,

    Plaintiff,

v.

EXCEL ROOFING AND CONSTRUCTION, INC., a Colorado corporation, n/k/a EXCEL ROOFING AND CONSTRUCTION LLC,

    Defendant.

## ORDER TO APPEAR

THIS MATTER is before the Court on Plaintiff's Motion to Hold Defendant in Contempt and for Show Cause Order (ECF No. 24) filed November 11, 2014.  On January 5, 2014, the Court issued an Amended Order to Show Cause (ECF No. 27) wherein the Court ordered Defendant to show cause as to why it should not be held in civil contempt for violation of the Court's Orders in this matter by responding, in writing, to this Order on or before Monday, January 19, 2015.  The Court further ordered that a hearing be held on January 22, 2015, with regard to Plaintiff's Motion (ECF No. 27).  Defendant failed to file a written response with the Court.

A hearing was held on Thursday, January 22, 2015 at 10:00 a.m., in Courtroom A-1002, at the United States Courthouse for the District of Colorado, 901 19th Street, Denver, Colorado 80294.  Brad Ramming and Katherine K. Kust of Sweetbaum Sands Anderson PC, as well as J. Bretz, owner of the Plaintiff, Excel Roofing, Inc., appeared on behalf of the Plaintiff.  Defendant failed to appear at the hearing.

By way of background, on January 25, 2013, Plaintiff filed this action against Defendant alleging claims based on, among other things, Defendant's unauthorized use of Plaintiff's trademark.  On March 30, 2013, Defendant was served with copies of the following documents: Order granting Excel Roofing's Motion for Substitute Service; Summons; Civil Cover Sheet; Complaint with exhibits; Report on the Filing or Determination of an Action regarding a Patent or Trademark; Instructions Regarding Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction Pursuant to 28 U.S.C. 636(c), Federal Rules Civil Procedure 73, District Court Colorado Civil Rule 72.2; Order of Reference to Magistrate Judge; Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting; and Certificate of Interested Entities as reflected by the Summons Returned Executed filed on April 2, 2013.  (ECF No. 10).

On March 31, 2014, the Court entered Default Judgment against Defendant and Ordered that, among other things, Defendant be permanently enjoined from using Plaintiff's trademark or any variation of it for any reason and that Defendant refrain from doing any act which is likely to induce the belief that Defendant was in any way connected with Plaintiff and Plaintiff's business.   (ECF No. 21).

On July 28, 2014, Defendant filed a "Statement of Conversion" with the Colorado Secretary of State changing the name of its entity from "Excel Roofing & Construction, **_Inc_**." to "Excel Roofing & Construction **_LLC_**."  With respect to this name change, the Court finds that the change of Defendant's name to Excel Roofing & Construction LLC has no substantive effect on the issues presented in this lawsuit and that Excel Roofing & Construction LLC is considered the same Defendant for all purposes related to any relief

entered in this matter by the Court.   Subsequently, on August 14, 2014, Defendant filed a Statement of Trade Name using Plaintiff's trade name "Excel Roofing" with the Secretary of State.   On September 12, 2014, Defendant, operating as the LLC, withdrew its Statement of Trade Name for "Excel Roofing" but filed a Statement of Trademark Registration of a Reporting Entity for the name "Excel Roofing & Construction."

On January 22, 2015, the Court heard testimony from the owner of the Plaintiff, J. Bretz.  Mr. Bretz testified, among other things, that between August of 2014 and January of 2015, Plaintiff had received approximately 15 telephone calls from former customers or potential customers, complaining that they were led to believe by Defendant that Defendant was operating as Plaintiff or that they were confused as to whether the Defendant and the Plaintiff were the same entity.    Mr. Bretz testified that Defendant was inducing customers to believe it was operating as Plaintiff and that Defendant, through its actions, was diluting the name and good will that Plaintiff's business had built over the years.   Mr. Bretz testified that he communicated with David Perrault on several occasions who represented to him that he was the new owner of the Defendant entity. Mr. Bretz advised Mr. Perrault of the Judgment entered against the Defendant.   Mr. Bretz testified that he requested that Defendant immediately cease using the Excel Roofing name or trademark.   Defendant, however, failed to abide by the Permanent Injunction and continues to operate as Excel Roofing & Construction, LLC in violation of the Court's Order.

Accordingly, it is

**ORDERED that on Thursday, February 5, 2015 at 1:30 p.m., in Courtroom A-1002, at the United States Courthouse for the District of Colorado, 901 19th**

**Street, Denver, Colorado, 80294, the following individuals <u>must</u> appear before the Court:**

**1)       David G. Perrault, purported managing member of Defendant;**

**2)       Ron D. Cantrell, registered agent for Defendant listed with the Secretary of State;**

**3)       Robert Jeffrey Simbric, individual authorized to conduct Secretary of State filings for Defendant;**

**4)       Any person occupying any office, virtual or otherwise, upon whom service of this Order is effected.**

All such individuals are hereby **ORDERED** to appear at the date and time listed in the preceding paragraph, for the purpose of explaining their relationship to the Defendant, if any, and as a result of Defendant's failure and refusal to comply with the Court's lawful orders in this matter including, but not limited to, the Permanent Injunction issued against Defendant and in favor of Plaintiff on March 31, 2014.   It is

**FURTHER ORDERED** that the failure of any individual to appear before the Court as instructed at the hearing to be held on **Thursday, February 5, 2015 at 1:30 p.m.**, will result in this Court issuing potential sanctions including, but not limited to, the issuance of a bench warrant for the arrest of any such person for failure to appear.

Dated:   January 23, 2015.

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            WILEY Y. DANIEL,
                                            SENIOR UNITED STATES DISTRICT JUDGE